**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

JASHUA WILLIAMS,

                              Petitioner,

        v.                                              9:21-CV-00993 (AMN/PJE)

TIMOTHY MCCARTHY,

                              Respondent.

───────────────────────────────

**APPEARANCES:**                              **OF COUNSEL:**

**JASHUA WILLIAMS**
16-B-3058
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021
Petitioner, *pro se*

**HON. LETITIA JAMES**                        **PRISCILLA I. STEWARD, ESQ.**
New York State Attorney General               Assistant Attorney General
28 Liberty Street
New York, NY 10005
*Attorneys for Respondent*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On September 8, 2021, Petitioner *pro se* Jashua Williams ("Petitioner"), filed a petition

seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1 (the "Petition").  In the

Petition, Petitioner asserts four grounds upon which he should be released from the custody of the

Auburn Correctional Facility.  *See* Dkt. No. 1 at 5-9.[1]  Petitioner asserts that his conviction was

───────────────────────────

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic

based on insufficient evidence, the weight of the evidence did not support his conviction, he was deprived of effective assistance of counsel, and his ultimate sentence was "harsh and severe." *Id.* On January 27, 2022, Respondent submitted an Answer, a memorandum of law opposing the Petition, and state court records. Dkt. Nos. 13-14. Despite seeking an extension, Petitioner did not file a reply. Dkt. No. 16.

The Petition was referred to United States Magistrate Judge Paul Evangelista, who, on March 11, 2025, issued a Report and Recommendation recommending that the Petition be denied and dismissed and that no certificate of appealability be issued. Dkt. No. 20 at 17-18 (the "Report-Recommendation"). Magistrate Judge Evangelista advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days to file written objections and failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 18. Neither party submitted timely objections.

For the reasons set forth below, the Court[2] adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

### A.    The Antiterrorism and Effective Death Penalty Act

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may award *habeas corpus* relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of

---

filing system.

[2] This case was reassigned to the undersigned on February 21, 2024. Dkt. No. 18.

the evidence presented in the State court proceeding." *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005) (quoting 28 U.S.C. § 2254(d)). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (*per curiam*) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)). The Supreme Court has repeatedly explained that "a federal *habeas* court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (*per curiam*) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

## B.  Review of a Report and Recommendation

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority,

was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing [ ] a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because Petitioner has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, the Report-Recommendation recommends finding that sufficient evidence supported Petitioner's conviction, and therefore, Petitioner's first claim should be dismissed. Petitioner

argues that he was convicted without sufficient evidence to prove his intent. Dkt. No. 1 at 5. Magistrate Judge Evangelista correctly noted the proper standard: if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[,]" the Court must find the evidence was legally sufficient. Dkt. No. 20 at 9 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). Additionally, the Report-Recommendation noted the heightened AEDPA burden applicable to Petitioner's claim, as Petitioner previously brought each of his claims in state court. *Id.* (citations omitted). Finally, the Report-Recommendation concluded that the record, read in a light most favorable to the prosecution, supported a finding that a rational trier of fact could find that Petitioner possessed the necessary intent to support a conviction. *Id.* at 10-12. The Court finds no clear error in this analysis.

Second, the Report-Recommendation recommends dismissal of Petitioner's second claim. Petitioner argues that his conviction was contradicted by the weight of the evidence. Dkt. No. 1 at 6. However, the Report-Recommendation correctly noted that an "argument that a [state court] verdict is against the weight of the evidence [is] a claim under state law[]" and is "not cognizable on [federal] habeas corpus [review]." Dkt. No. 20 at 12 (quoting *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011)). The Court finds no clear error in this analysis.

Third, the Report-Recommendation recommends dismissing Petitioner's third claim that he was deprived of effective assistance of counsel. Dkt. No. 1 at 8. Petitioner argues that his trial counsel should have presented additional evidence that a key witness for the prosecution had a motive to lie. *Id.* Again, Magistrate Judge Evangelista noted the corrected standard for assessing claims of ineffective assistance of counsel. Dkt. No. 20 at 12-13 (citing *Harrington v. U.S.*, 689

F.3d 124, 129 (2d Cir. 2012) (requiring a showing that "(1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." (citation omitted))).  And again, the Report-Recommendation correctly noted the heightened burden created by the AEDPA.  *Id.* at 15.  Magistrate Judge Evangelista assessed the record and determined that, 1) Petitioner's trial counsel's refusal to introduce additional evidence was a strategic decision intended to strengthen Petitioner's case, and 2) that even if trial counsel's performance was deficient, the deficiencies did not change the outcome of the case.  *Id.* at 15-16.  The Court finds no clear error in this analysis.

Finally, the Report-Recommendation recommends dismissal of Petitioner's fourth claim, which asserts that the sentence imposed was harsh and severe.  Dkt. 1 at 9.  Magistrate Judge Evangelista correctly noted that this Court "may not issue the writ of habeas corpus on the basis of a perceived error of state law[.]"  Dkt. No. 20 at 17 (quoting *Thomas v. Larkin*, No. 1:12-CV-2899, 2013 WL 5963133, at *13 (E.D.N.Y. Nov. 7, 2013)).  The Report-Recommendation went on to find that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."  *Id.* (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)).  Here, the sentence imposed was within the range permitted by state law, *id.* at 17 (citing Dkt. No. 14-1 at 474-75), and therefore, this Court finds no clear error in the recommendation to dismiss the Fourth claim.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

For these reasons, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 20, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Petition for a writ of *habeas corpus*, Dkt. No. 1, is **DENIED and**

**DISMISSED**; and the Court further

     **ORDERS** that no certificate of appealability shall be issued with respect to any of Petitioner's claims; and the Court further

     **ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor, serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules, and close the case.

     **IT IS SO ORDERED.**

Dated: March 28, 2025
      Albany, New York

Anne M. Nardacci
U.S. District Judge